**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |
|---|---|
| UNITED STATES *EX REL*. REZA SAFFARIAN AND AUDREY THEILE, et al.<br><br>      **Plaintiffs-Co-Relators,**<br><br>v.<br><br>ENCORE REHABILITATION SERVICES, LLC, et al.<br><br>      **Defendants.** | **Case No.: 1:16-cv-605-JTN-ESC**<br><br><br>**HON. JANET T. NEFF<br>MAGISTRATE ELLEN S. CARMODY** |
| REZA SAFFARIAN AND AUDREY THEILE, AND ADAM LAFERRIERE,<br><br>      **Cross-Claimants,**<br><br>v.<br><br>LINDA ANDERSON,<br><br>      **Cross-Defendant.** |  |

**RELATOR LINDA ANDERSON'S ANSWER TO RELATORS REZA SAFFARIAN'S, AUDREY THEILE'S, AND ADAM LAFERRIERE'S CROSS-CLAIM**

  Relator and Cross-claim Defendant Linda Anderson ("Anderson" or "Relator Anderson"), by and through counsel, hereby answers Relators Reza Saffarian's, Audrey Theile's, and Adam Laferriere's ("Cross-Claimant Relators") cross-claim for declaratory judgment. Anderson denies each and every allegation in Cross-Claimant Relators' cross-claim not expressly admitted herein. Any factual assertion admitted herein is admitted only as to the specific facts and not as to any

1

conclusions, characterizations, implications, innuendos, or speculations that are in any assertion. Relator Anderson's response to each of the numbered paragraphs in the cross-claim is as follows:

## <u>INTRODUCTION</u>

1. Pursuant to Federal Rule of Civil Procedure 13(g), Cross-Claimants Reza Saffarian, Audrey Theile, and Adam LaFerriere ("Cross-Claimants") bring this claim for declaratory relief as to their respective rights to a percentage of monies recovered after the United States intervened in three separate actions brought pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"), against Encore Rehabilitation Services ("Encore").

   **RESPONSE:** Anderson admits the allegations in Paragraph 1.

2. On March 12, 2020, the United States filed a Notice of Election to Intervene in Part For Settlement ("Notice," attached as Exhibit A) in the relators' FCA civil actions, Nos. 16-cv-605-JTN-ESC (Cross-Claimants Saffarian and Thiele) and 1:17-cv-00095-JTN-ESC (Cross-Claimant LaFerriere), as well as Cross-Defendant Linda Anderson's action, 2:14-cv-13759-NGE-MK (E.D. Mi.). On March 13, 2020, the parties executed a settlement agreement, and on March 31, 2020, the parties executed an amended settlement agreement ("Settlement Agreement"), which is attached as Exhibit B.

   **RESPONSE:** Anderson admits that on March 12, 2020, the United States filed a Notice of Election to Intervene in Part For Settlement civil actions, Nos. 16-cv-605-JTN-ESC (Cross-Claimants Saffarian and Theile) and 1:17-cv-00095-JTN-ESC (Cross-Claimant LaFerriere), and that on March 13, 2020, the parties executed a settlement agreement, and on March 31, 2020, the parties executed an amended settlement agreement. Anderson denies that on March 12, 2020, the United States filed a Notice of Election to Intervene in Part For Settlement for Cross-Defendant Linda Anderson's action, 2:14-cv-13759-NGE-

MK (E.D. Mi.). The United States filed a Notice of Election to Intervene in Part For Settlement for Cross-Defendant Linda Anderson's action on March 16, 2020.

3. As described below, the Settlement Agreement does not specify which of the relators is entitled to receive a percentage of the United States' recovery ("Relator Share") pursuant to 31 U.S.C. § 3730(d)[1], and the Settlement Agreement, attached as Exhibit A to this Cross-Claim, reserved the Cross-Claimants' rights to have this Court resolve any dispute as to the relators' respective rights, if any, to that award. The United States has not taken a position on the issue.

**RESPONSE:** Anderson admits the allegations in Paragraph 3.

4. The Cross-Claimants have already reached an agreement amongst themselves specifying how their Relators' Share will be divided between them, but the Cross-Claimants have not been able to reach an agreement with Cross-Defendant Anderson. As a result, Cross-Claimants bring this action for declaratory judgment and ask the Court to make a determination as to the relators' respective rights to the Relator Share.

**RESPONSE:** Anderson admits that Cross-Claimants have not been able to reach an agreement with Cross-Defendant Anderson, and that Cross-Claimants have brought this action for declaratory judgment and ask the Court to make a determination as to the relators' respective rights to the Relator Share. Anderson denies for lack of knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 4.

---

[1] Pursuant to 31 U.S.C. § 3730(d), "If the Government proceeds with an action brought by a person under subsection (b), such person shall, subject to the second sentence of this paragraph, receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim, depending upon the extent to which the person substantially contributed to the prosecution of the action."

## PARTIES

5.    Cross-Claimant Reza Saffarian is an individual who resides in Saginaw, Michigan. On May 24, 2016, Saffarian filed an FCA action against Encore and others alleging that it submitted false and fraudulent claims for payment for therapy services in skilled nursing facilities.

**RESPONSE:** Anderson admits that on May 24, 2016, Saffarian filed an FCA action against Encore and others alleging that it submitted false and fraudulent claims for payment for therapy services in skilled nursing facilities. Anderson denies for lack of knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 5.

6.    Cross-Claimant Audrey Theile is an individual who resides in Flushing, Michigan. On May 24, 2016, Theile filed an FCA action against Encore and others alleging that it submitted false and fraudulent claims for payment for therapy services in skilled nursing facilities.

**RESPONSE:** Anderson admits that on May 24, 2016, Theile filed an FCA action against Encore and others alleging that it submitted false and fraudulent claims for payment for therapy services in skilled nursing facilities. Anderson denies for lack of knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 6.

7.    Cross-Claimant Adam LaFerriere is an individual residing in Macomb, Michigan. On January 27, 2017, LaFerriere filed an FCA action in the Western District of Michigan (civil no. 1:17-cv-00095-JTN-ESC) against Encore and others alleging that the defendants submitted, or caused to be submitted, false and fraudulent claims for payment for therapy services in skilled nursing facilities.

**RESPONSE:** Anderson admits that on January 27, 2017, LaFerriere filed an FCA action in the Western District of Michigan (civil no. 1:17-cv-00095-JTN-ESC) against Encore and others alleging that the defendants submitted, or caused to be submitted, false and fraudulent claims for payment for therapy services in skilled nursing facilities. Anderson denies for lack of knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 7.

8. Cross-Defendant Linda Anderson is an individual residing in the State of Michigan. On September 29, 2014, Anderson filed an FCA action in the Eastern District of Michigan alleging that Encore submitted false claims to the United States. That matter is case number 2:14-CV-13795. That matter was, on information and belief, statistically closed by the United States Attorney's office for the Eastern District of Michigan prior to the filing of this matter and the LaFerriere matter by the Western District of Michigan US Attorney's Office and USDOJ in Washington, D.C.

**RESPONSE:** Anderson admits that she is an individual residing in the State of Michigan. Anderson admits that on September 29, 2014, Anderson filed an FCA action in the Eastern District of Michigan alleging that Encore submitted false claims to the United States. Anderson admits that the above-mentioned case number is 2:14-cv-13795. Anderson denies the remaining allegations in Paragraph 8.

## JURISDICTION AND VENUE

9. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), this is an action for declaratory relief brought by Cross-Claimants Saffarian, Theile, and Laferriere against Cross-Defendant Linda Anderson. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 2201.

**RESPONSE:** Anderson admits that this is an action for declaratory relief brought by Cross-Claimants Saffarian, Theile, and Laferriere against Anderson. Anderson asserts that the remaining allegations in Paragraph 9 seek to set forth legal conclusions to which no responsive pleading is required.

10. Cross-Claimants seek as relief a declaration of their rights to the proceeds from the United States' recovery, pursuant to Saffarian, Theile, and LaFerriere's 31 U.S.C. § 3730(d) rights as relators to a share of the recovery. This Court therefore has jurisdiction pursuant to 31 U.S.C. § 3732(a).

**RESPONSE:** Anderson admits that Cross-Claimants seek as relief a declaration of their rights to proceeds from the United States' recovery, pursuant to Saffarian, Theile, and Laferriere's 31 U.S.C. § 3730(d) rights as relators to a share of the recovery. Anderson asserts that the remaining allegations in Paragraph 10 seek to set forth legal conclusions to which no responsive pleading is required.

11. This Court may exercise personal jurisdiction over Cross-Defendant Linda Anderson because the Settlement Agreement, to which she is a party, provides that the Western District of Michigan would serve as the "exclusive jurisdiction and venue for any dispute relating this Agreement." *See* Exhibit B at Section 19.

**RESPONSE:** Anderson admits that the Settlement Agreement, to which she is a party, provides that the Western District of Michigan would serve as the "exclusive jurisdiction and venue for any dispute relating this Agreement." With regard to the remaining allegations contained in Paragraph 11, Anderson asserts that the allegations seek to set forth legal conclusions to which no responsive pleading is required.

12. The Order of Dismissal entered by this Court on April 8, 2020 (ECF No. 93) also provides that this Court specifically reserves and retains jurisdiction to adjudicate any claims to a share of the proceeds under 31 U.S.C. § 3730(d), as well any first-to-file issues under 31 U.S.C. § 3730(b)(5). *See* Exhibit C at sections 4 and 5 (ECF No. 93), which is attached and incorporated by reference.

    **RESPONSE:** Anderson admits the allegations in paragraph 12.

13. Venue is proper in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391, because the rights at issue for each of the relators arise from False Claims Act litigation in this district, and because each of the parties has consented to this Court hearing all claims arising out of the Settlement Agreement.

    **RESPONSE:** Anderson asserts that the allegations in paragraph 13 seek to set forth legal conclusions to which no responsive pleading is required.

### THE UNDERLYING LITIGATION

14. Encore is a rehabilitation services company that provides therapy services to residents in skilled nursing facilities.

    **RESPONSE:** Anderson admits the allegations in paragraph 14.

15. Encore's practices in billing the government for services and in encouraging physicians to order services have been the subject of several *qui tam* suits under the FCA. As explained in the following two sections of this complaint, the United States intervened for the purposes of confecting a settlement while the action was under seal before this Court after a lengthy investigation by the United States.

    **RESPONSE:** Anderson admits the allegations in paragraph 15.

16. *Qui tam* complaints alleging that Encore violated the FCA with respect to these services were filed in several different cases.

**RESPONSE:** Anderson admits the allegations in paragraph 16.

17. On March 12, 2020, the United States gave notice to this Court that the United States would partially intervene in the FCA cases brought by Cross-Claimants Saffarian, Theile, and LaFerriere. *See* Exhibit A. The United States noticed this Court that it had intervened to settle claims related to the fraudulent schemes, but only as to Medicare Part A and the United States' damages.

**RESPONSE:** Anderson admits the allegations in paragraph 17.

## THE INTERVENTION OF THE UNITED STATES

18. Cross-Claim For Declaratory Relief For A Determination And Award Of Relator Share contains no allegations in Paragraph 18. To the extent the Cross-Claim does contain an allegation in Paragraph 18, Anderson denies the allegations.

19. On March 12, 2020, the United States filed a Notice of Intervention in the Encore actions in this District. The substantive allegations from the Settlement Agreement addressed three facilities and apportioned money to each in specific amounts.

**RESPONSE:** Anderson admits the allegations in paragraph 19.

20. With regard to the first intervened claim, the United States alleged in the Notice and Settlement Agreement that Encore engaged in health care fraud when it submitted and caused the submission to Medicare Part A of false claims for therapy services to patients at the following facilities: (1) Autumn Woods, for the period of September 1, 2012 to July 31, 2018; (2) Bay Shores, for the period of April 1, 2013 to April 6, 2017; and (3) MediLodge of Yale, for the period of October 1, 2010 to April 6, 2017 for the inflated

amounts of Medicare reimbursement for (1)  the provision of unreasonable, unnecessary, and/or unskilled rehabilitation therapy. Exhibit B at Section D.

**RESPONSE:** Anderson admits the allegations in paragraph 20.

21. As to the second claim, the United States alleged in the Settlement Agreement and Notice that Encore engaged in health care fraud when it submitted and caused the submission to Medicare Part A of false claims for therapy services to patients at the following facilities: (1) Autumn Woods, for the period of September 1, 2012 to July 31, 2018; (2) Bay Shores, for the period of April 1, 2013 to April 6, 2017; and (3) MediLodge of Yale, for the period of October 1, 2010 to April 6, 2017 for the provision of individual therapy while concurrent and/or group therapy was being provided. Exhibit B at Section D.

**RESPONSE:** Anderson admits the allegations in paragraph 21.

## THE SETTLEMENT AGREEMENT

22. On March 31, 2020, the United States, the Relators, and Encore executed the Settlement Agreement. *See* Exhibit B. Encore agreed to pay $4,033,346 plus interest to the United States.

**RESPONSE:** Anderson admits the allegations in paragraph 22.

23. In the Settlement Agreement, the United States, Encore, and the Relators agreed and covenanted that in consideration of and in exchange for the settlement amounts to be paid by Encore, the United States would execute a release in favor of Encore with respect to conduct defined as "Covered Conduct." Exhibit B at Section D.

**RESPONSE:** Anderson admits the allegations in paragraph 23.

24. In the Settlement Agreement, the United States expressly did not release Encore from any liability for conduct other than the Covered Conduct. Exhibit B at Section 2.

**RESPONSE:** Anderson admits the allegations in paragraph 24.

25. In the Settlement Agreement, the United States and the Relators agreed to dismiss their complaints in their respective actions, subject to completion of other terms.

**RESPONSE:** Anderson admits the allegations in paragraph 25.

26. The Settlement Agreement provided that the dismissals of the Relators' FCA cases would be with prejudice for the Relators as to all claims. See Exhibits B and C.

**RESPONSE:** Anderson denies the allegations in paragraph 26.

27. The Settlement Agreement provided that the dismissals would be with prejudice to the United States only for claims defined as Covered Conduct.

**RESPONSE:** Anderson admits the allegations in paragraph 27.

28. As consideration for the Relators' agreement to dismiss their complaints, in the Settlement Agreement the United States agreed to pay an award to the Relators pursuant to 31 U.S.C. § 3730(d), to be determined by this Court as the sole venue for any dispute.

**RESPONSE:** Anderson admits the allegations in paragraph 28.

29. As consideration for the Relators' agreement to dismiss their complaints, in the Settlement Agreement, Encore agreed to release the Relators from any claims that Encore has asserted, could have asserted, or may assert in the future against the Relators related to the Covered Conduct and the conduct alleged in the Relators' FCA cases, except claims as to the Relators' and Relators' counsel's claims for reasonable attorneys' fees, expenses and costs pursuant to 31 U.S.C. § 3730(d) and as to any claims the Relators may have pursuant to 31 U.S.C. § 3730(h). Exhibit B, Paragraph 12.

**RESPONSE:** Anderson admits the allegations in paragraph 29.

30. - 45.  Cross-Claim For Declaratory Relief For A Determination And Award Of Relator Share contains no allegations in Paragraphs 30 - 45. To the extent the Cross-Claim does contain allegations in Paragraphs 30 - 45, Anderson denies the allegations.

### THE FIRST-TO-FILE RULE

46. The FCA authorizes private persons to bring a civil action for a violation of 31 U.S.C. § 3729 on behalf of the United States. 31 U.S.C. § 3730(b)(1).

**RESPONSE:** Anderson asserts that the allegations seek to set forth legal conclusions to which no responsive pleading is required.  Further, Anderson asserts that the statutes cited therein speak for themselves. To the extent that a response is required, Anderson admits that the allegations in paragraph 46.

47. The authorization for private persons to bring such an action, however, is not without limits. One such limit is the so-called "first to file" bar of 31 U.S.C. § 3730(b)(5):

> When a person brings an action under [31 U.S.C. § 3730(b)], no person other than the Government may intervene or bring a related action based on the facts underlying the pending action.

**RESPONSE:** Anderson asserts that the allegations seek to set forth legal conclusions to which no responsive pleading is required.  Further, Anderson asserts that the statutes cited therein speak for themselves. To the extent that a response is required, Anderson admits that the allegations in paragraph 47.

48. One underlying purpose of 31 U.S.C. § 3730(b)(5) is to provide incentives to promptly alert the government to the essential facts of a fraudulent scheme. It is also part of the larger balancing act of the FCA's *qui tam* provision, the 31 U.S.C. § 3730(b)(1) authorization for private persons to bring suit on behalf of the United States, which is to prevent opportunistic suits while encouraging citizens to act as whistleblowers.

**RESPONSE:** Anderson asserts that the allegations seek to set forth legal conclusions to which no responsive pleading is required.  Further, Anderson asserts that the statutes cited therein speak for themselves. To the extent that a response is required, Anderson admits the allegations in paragraph 48.

49. Through their own investigations and in their complaints, Saffarian, Theile, and LaFerriere have pleaded first the essential facts of both forms of Covered Conduct included in the Settlement Agreement. *See* Exhibit B, Section D.

**RESPONSE:** Anderson asserts that the allegations in paragraph 49 seek to set forth legal conclusions to which no responsive pleading is required. To the extent that a response is required, Anderson denies the allegations in paragraph 49.

## SAFFARIAN, THEILE, and LAFERRIERE'S EVIDENCE AND INVESTIGATION FORMED THE BASIS OF THE COVERED CONDUCT

50. At the time of their investigations into Encore's billing practices, Saffarian and Theile were employed by Encore as a therapist and a therapy manager, respectively. LaFerriere, a certified speech-language pathologist, worked for Encore until September 2016. Cross-Claimants, for brevity, hereby incorporate Saffarian and Thiele's Original Complaint, First Amended Complaint, Second Amended Complaint, and their Third Amended Complaint, as well as the Complaint filed LaFerriere, by reference herein. *See* Exhibit D (Relators Saffarian and Thiele's Third Amended Complaint, which added retaliatory discharge allegations); *see also* Exhibit E (Relator LaFerriere's Complaint).

**RESPONSE:** Anderson denies for lack of knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 50.

51. These complaints, with specific detail and specific examples, provide the who, what, where, when, and how of the fraudulent conduct investigated and settled by the United States here in the Western District.

    **RESPONSE:** Anderson asserts that the allegations in paragraph 51 seek to set forth legal conclusions to which no responsive pleading is required. To the extent that a response is required, Anderson denies the allegations in paragraph 51.

52. Because of the statistical closure of the action of the Cross-Defendant in the Eastern District, the maintenance of the seal was under the auspices of this Court for numerous seal extensions. During that investigation, the United States made numerous filings to demonstrate "good cause" provided to this Court under seal as to the progress and status of the investigation to justify said extensions.

    **RESPONSE:** Anderson denies the allegations that because of the statistical closure of the action of the Cross-Defendant in the Eastern District, the maintenance of the seal was under the auspices of this Court for numerous seal extensions. Anderson denies for lack of knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 52.

53. Numerous interviews and depositions of witnesses identified and listed by Cross-Claimants to the Government, as well as the documentation and analysis submitted by Cross-Claimants to the Government, demonstrated the scope and specifics of the scheme that forms the covered conduct in the Settlement Agreement.

    **RESPONSE:** Anderson denies for lack of knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 53.

54. Additionally, proving Cross Claimants' entitlement to a declaration of First-to-File Status and therefore the Relator Share, Defendant Encore agreed to pay their statutory attorneys' fees and costs pursuant to 31 U.S.C. §3730(d) to Cross-Claimants via confidential agreements. These agreements can be provided to the Court *in camera* for review if the Court wishes to review them.

**RESPONSE:** Anderson asserts that the allegations seek to set forth legal conclusions to which no responsive pleading is required.  Further, Anderson asserts that the statutes cited therein speak for themselves. To the extent that a response is required, Anderson denies for lack of knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 54.

55. Further proving the fact that Cross-Claimants are First-to-File as the real and true relators, is that Defendant Encore entered into confidential Settlement Agreements with Cross-Claimants Saffarian and Thiele for their retaliatory discharge claims. These agreements can be provided to the Court *in camera* for review if the Court wishes to review them.

**RESPONSE:** Anderson asserts that the allegations seek to set forth legal conclusions to which no responsive pleading is required.  Further, Anderson asserts that the statutes cited therein speak for themselves. To the extent that a response is required, Anderson denies that entering into confidential Settlement Agreements with Cross-Claimants Saffarian and Thiele for their retaliatory discharge claims proves the fact that Cross-Claimants are First-to-File as the real and true relators. Anderson denies for lack of knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 55.

## THE COMPLAINTS WITHOUT COVERED CONDUCT

56. The complaints filed in the matter by Cross-Defendant do not contain sufficiently pled allegations of Covered Conduct under the Federal Rules of Civil Procedure regarding fraud as is required under FRCP Rule 9(b). Cross-Defendant was nonetheless a party to the Settlement Agreement, agreeing to dismiss her complaint with prejudice in exchange for the United States' inclusion of her in the Settlement Agreement.

**RESPONSE:** Anderson asserts that the allegations in paragraph 56 seek to set forth legal conclusions to which no responsive pleading is required. To the extent that a response is required, Anderson denies the allegations in paragraph 56.

57. First, Anderson fails to allege anything regarding billing for therapy services that were not medically necessary or reasonable. In fact, the allegations in Anderson's complaint actually *contradict* the United States' allegations as to the first claim in the Covered Conduct. Rather than alleging that Encore's therapists provided medically unnecessary therapy and inflated patients' RUG scores, Anderson instead alleges:

- "[T]he therapists responsible for providing the patient care **reduced any unrealistic RUG levels.**"

- **"Encore's therapy staff** intentionally did not treat a patient for the amount of time St. Peters requested for certain patients and **lowered the RUG levels designated to patients if the therapists believed that the patients would not be able to tolerate the designated level of care.**"

*See* Anderson First Amended Complaint, ¶¶ 104-105 (emphasis added).

**RESPONSE:** Anderson asserts that the allegations in paragraph 57 seek to set forth legal conclusions to which no responsive pleading is required. To the extent that a response is required, Anderson admits that she made the allegations cited in her First Amended Complaint at ¶¶ 104-105, but Anderson denies the remaining allegations in paragraph 57.

58. Second, Anderson's complaint makes no mention of two of the three facilities listed in the Covered Conduct: Autumn Woods (the facility at which Relator LaFerriere worked) and Bay Shores (the facility at which Relators Saffarian and Thiele worked). The allegations in Anderson's complaint are confined to the one facility at which Relator Anderson worked, MediLodge of Yale.

**RESPONSE:** Anderson admits that Anderson's complaint makes no mention of two of the three facilities listed in the Covered Conduct: Autumn Woods (the facility at which Relator LaFerriere worked) and Bay Shores (the facility at which Relators Saffarian and Thiele worked). Anderson denies the remaining allegations in paragraph 58.

59. ALTERNATIVELY, Anderson is only entitled to a share of the settlement proceeds associated with Medilodge of Yale ($601,782) as a RELATOR. She makes no allegations as to the allocations of the settlement to Autumn Woods and Bay Shores, as Cross-Claimants were the first to file as to those facilities.

**RESPONSE:** Anderson asserts that the allegations in paragraph 59 seek to set forth legal conclusions to which no responsive pleading is required. To the extent that a response is required, Anderson denies the allegations in paragraph 59.

60. Cross-Defendant claims entitlement to a portion of the Relator Share as provided in the Settlement Agreement. Although her case was not administratively consolidated under this case, Cross-Defendant Linda Anderson must be joined as a Cross-Defendant pursuant to Federal Rule of Civil Procedure 19(a)(1)(B).

**RESPONSE:** Anderson asserts that the allegations in paragraph 60 seek to set forth legal conclusions to which no responsive pleading is required. To the extent that a response is required, Anderson admits that Cross-Defendant Anderson claims entitlement to a portion

of the Relator Share as provided in the Settlement Agreement, but Anderson denies the remaining allegations in paragraph 60.

61. A comparison of the complaints will readily identify who put the Government on notice of the fraud alleged and settled[2].

**RESPONSE:** Anderson asserts that the allegations in paragraph 61 seek to set forth legal conclusions to which no responsive pleading is required. To the extent that a response is required, Anderson admits the allegations in paragraph 61.

## COUNT ONE: DECLARATORY RELIEF

62. Cross-Claimants repeat and reallege the preceding paragraphs as if set forth herein.

**RESPONSE:** Anderson restates and incorporates here by reference Paragraphs 1 through 61 of the Answer above.

63. Saffarian, Theile, and Laferriere are entitled to a Relator Share from the United States pursuant to 31 U.S.C. § 3730(d)(1), as Cross-Claimants were the first relators to file FCA cases containing allegations that the United States released as Covered Conduct in the Settlement Agreement.

**RESPONSE:** Anderson asserts that the allegations seek to set forth legal conclusions to which no responsive pleading is required.  Further, Anderson asserts that the statutes cited therein speak for themselves. To the extent that a response is required, Anderson denies the allegations in paragraph 63.

64. To the extent the Relators have alleged fraud schemes against Encore that are distinct from the Covered Conduct, those claims have not yet been released by the United States, and do

---

[2] In addition to the Complaints, this Court, if necessary, is also authorized to review *in camera* the required written disclosures submitted to the Government by Cross-Claimants. These documents contain confidential information and material that is protected by the common interest privilege and joint prosecution privilege.

not form an entitlement to monies recovered by the United States pursuant to the Settlement Agreement.

**RESPONSE:** Anderson asserts that the allegations seek to set forth legal conclusions to which no responsive pleading is required.  To the extent that a response is required, Anderson admits that the allegations in paragraph 64.

65. Saffarian, Theile, and Laferriere have reached agreements regarding how any monies paid to any of them as a Relator Share will be distributed. Accordingly, as between themselves, the rights to any Relator Share have been determined and do not need to be litigated. Saffarian, Theile, and Laferriere therefore seek a declaration of rights between themselves and Cross-Defendant Anderson.

**RESPONSE:** Anderson denies for lack of knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 65.

66. An actual and justiciable controversy has arisen and now exists between Cross-Claimants Saffarian, Theile, and Laferriere and Cross-Defendant Anderson as to whether anyone other than Saffarian, Theile, and Laferriere is entitled to the Relator Share from this action.

**RESPONSE:** Anderson asserts that the allegations in paragraph 66 seek to set forth legal conclusions to which no responsive pleading is required. To the extent that a response is required, Anderson denies the allegations in paragraph 66. Anderson is the first to file relator pursuant to 31 U.S.C. § 3730(d)(1), in time and in right.

67. The Federal Declaratory Judgment Act empowers federal courts to declare the rights and other legal relations of any interested party seeking such declaration and also provides authority for further necessary and appropriate relief based on its declaratory judgments.

**RESPONSE:** Anderson asserts that the allegations in paragraph 67 seek to set forth legal

conclusions to which no responsive pleading is required. To the extent that a response is required, Anderson admits the allegations in paragraph 67.

68. Federal Rule of Civil Procedure 57 provides that the existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.

**RESPONSE:** Anderson asserts that the allegations in paragraph 68 seek to set forth legal conclusions to which no responsive pleading is required. Further, Anderson asserts that the Rule cited therein speaks for itself. To the extent that a response is required, Anderson admits the allegations in paragraph 68.

69. A declaratory judgment is necessary in that as the result of an arm's length negotiation, the Relators have agreed that the United States will not pay a Relator Share from this action until there is final resolution of all disputes among the Relators concerning the Relators' rights to receive all or part of an award pursuant to 31 U.S.C. § 3730(d)(1).

**RESPONSE:** Anderson asserts that the allegations in paragraph 69 seek to set forth legal conclusions to which no responsive pleading is required. To the extent that a response is required, Anderson admits that the United States will not pay a Relator Share from this action until there is final resolution of all disputes among the Relators concerning the Relators' rights to receive all or part of an award pursuant to 31 U.S.C. § 3730(d)(1). Anderson denies the remaining allegations in paragraph 69.

70. Therefore, pursuant to 31 U.S.C. § 3730(d)(1), Cross-Claimants are entitled to a declaration that they are solely entitled to the Relator Share recovered by the United States as relief requested herein.

**RESPONSE:** Anderson asserts that the allegations in paragraph 70 seek to set forth legal conclusions to which no responsive pleading is required. To the extent that a response is required, Anderson denies the allegations in paragraph 70.

## AFFIRMATIVE DEFENSES

In further response to the cross-claim, and without prejudice to her denials of the allegations contained in the cross-claim, Anderson, without waiving Cross-Claimant Relators' obligations to prove every factual element necessary to their claim, states her affirmative defenses as follows:

71. Cross-Claimant Relators' cross-claim is barred by the First-to-File rule of 31 U.S.C. § 3730(b)(5). Relator Anderson is the first to file relator both in time and in right under the federal False Claims Act. Relator Anderson filed her original complaint against Encore, alleging that Encore submitted false claims for payment to the Government, on September 29, 2014, well over a year before Cross-Claimant Relators filed their respective complaints against Encore. Cross-Claimants were second and third to file and are therefore barred from bringing suit. The Government had sufficient information from Relator Anderson's original and first amended complaints to investigate Encore's false claims submitted to the Government. As such, the First-to-File bar precludes Cross-Claimant Relators from a Relator Share in this action, as the material elements of the fraud scheme described in the covered conduct were already sufficiently pled in Relator Anderson's complaint, well over a year before Cross-Claimant Relators filed their respective complaints.

72. Anderson reserves the right to amend this Answer to include such affirmative defenses as may arise during the course of discovery in this case.

WHEREFORE, having fully answered, Relator Linda Anderson prays for judgment against Cross-Claimant Relators as follows:

(a)  A declaration of Relator Linda Anderson's right to any Relator Share recovered by the United States as relief;

(b)  An award of such other and further relief as the Court deems equitable and proper under the circumstances.

DATED: July 20, 2020

Respectfully submitted,

/s/ David L. Haron_____
David L. Haron, Esq.
Hoyer Law Group, P.L.L.C.
30300 Northwestern Highway
Farmington Hills, Michigan 48334
(248) 762-7009
dharon@hoyerlawgroup.com

R. Scott Oswald (admission application to be filed)
Janel Quinn (admission application to be filed)
The Employment Law Group, P.C.
888 17th St. NW
Suite 900
Washington, D.C. 20006
jquinn@employmentlawgroup.com
soswald@employmentlawgroup.com
Phone: (202) 261-2813
Fax: (202) 261-2835

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 20, 2020, I electronically filed Cross-Claimant Defendant Linda Anderson's Answer and Affirmative Defenses to Cross-Claimant Relators Reza Saffarian's, Audrey Theile's, and Adam LaFerriere's Cross-Claim using the CM/ECF system, which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ David L. Haron_____
David L. Haron, Esq.
Hoyer Law Group, P.L.L.C.
30300 Northwestern Highway
Farmington Hills, Michigan 48334
(248) 762-7009
dharon@hoyerlawgroup.com

R. Scott Oswald
Janel Quinn
The Employment Law Group, P.C.
888 17th St. NW
Suite 900
Washington, D.C. 20006
jquinn@employmentlawgroup.com
soswald@employmentlawgroup.com
Phone: (202) 261-2813
Fax: (202) 261-2835